UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN LASHAWN MORGAN,

                Plaintiff,

– against –

CORRECTIONAL OFFICER JOHN DOES NOS. 1-3, and RIKERS ISLAND,

                Defendants.

**ORDER**

18 Civ. 2571 (ER)

RAMOS, D.J.:

      On March 20, 2018, Adrian Lashawn Morgan, proceeding *pro se*, brought a civil rights action pursuant to 42 U.S.C. § 1983 against three John Doe correctional officers and Rikers Island for violating his constitutional rights. Doc. 2. On April 23, 2018, the Court issued an order dismissing the claims against Rikers Island, adding the City of New York ("City") as a defendant, and directing the City to identify the Doe defendants. Doc. 6. Once the City identified the defendants, Morgan was directed to file an amended complaint consistent with the form provided by the Court with its April 23, 2018 Order. *Id.* at 3. On January 22, 2019, the Court granted Morgan's request to file an amended complaint now naming the City and five unidentified correctional officers and employees, as well as Correctional Officer Schroeder, Shield No. 8343, as defendants, and directed the City to identify the remaining defendants. Docs. 25-1, 26. On March 22, 2019, the City identified one of the correctional officers as Captain Ashlei Peterson, Shield No. 1730, and stated that it required more detailed descriptions to identify the remaining defendants. Doc. 27. On March 23, 2019, the Court directed Morgan to either respond to the City's letter or file a second amended complaint by April 25, 2019. Doc. 28. On May 21, 2019, the Court granted Morgan's request to extend the time to file a second

amended complaint until June 25, 2019.  Doc. 30.  On June 18, 2019, Morgan requested that the Court add Shroeder and Peterson to the case caption and, rather than provide the City with a more detailed description of the remaining four defendants, Morgan asked the Court direct the City to use other sources to identify them.  Doc. 32.  On February 14, 2020, the City sent Morgan a letter warning that if he did not file a second amended complaint by March 6, 2020, the City would move to dismiss the action under Fed. R. Civ. P. 41.  Doc. 36-1.  On March 10, 2020, the City moved to dismiss the first amended complaint for failure to prosecute.  Doc. 36.  On April 4, 2020, the Court directed Morgan to respond to the City's motion by April 24, 2020.  Doc. 38.  The Court explained that "[f]ailure to respond may result in sanctions including the case being dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41." *Id.*

Morgan has neither communicated with the Court nor filed a response to the pending motion to dismiss.  Because Morgan has failed to prosecute his case, the Court dismisses his claims without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.      Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.     Discussion**

In the instant case, all factors weigh in favor of dismissal.  *First*, Morgan has not responded to Defendants' motion to dismiss, which was filed over six months ago.  Doc. 36.  Nor has Morgan complied with the Court's Order dated April 3, 2020 directing him to respond or risk sanctions such as "dismiss[al] for failure to prosecute."  Doc. 38.  Courts in this district consistently find comparable delays unreasonable.  *See, e.g.*, *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (noting delays of five months can result in dismissal); *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (dismissing for four-month long failure to prosecute), *report and recommendation adopted* 2018 WL 6528238 (Dec. 11, 2018); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing following over six months of delay).

 *Second*, Morgan had notice that his case could be dismissed for failure to prosecute.  The Court specifically warned Morgan that "[f]ailure to respond" to the City's motion "may result in sanctions including the case being dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41."  Doc. 38.

*Third*, prejudice can be presumed from Morgan's over six-month delay.  *LeSane*, 239 F.3d at 210; *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (finding "prejudice to Defendant can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff neither replied to the Court nor defense counsel's attempts to reach him during that timeframe.").

*Fourth*, Morgan has failed to take advantage of his "right to due process and a fair chance to be heard" by his silence.  *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this

Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3.  However, dismissal without prejudice and not on the merits is appropriate given that Morgan's delay has not greatly impacted the Court calendar.  *Barnes*, 2020 WL 3100191, at *3 ("the lesser sanction of a dismissal without prejudice equally serves the district court's need to clear its calendar") (citation omitted); (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

*Fifth*, there are no weaker sanctions that could remedy Morgan's failure to prosecute other than dismissal.  Of course *pro se* litigants must comply with court orders.  *Virola*, 2014 WL 793082, at *3 (collecting cases).  However, because Morgan is *pro se*, the Court finds dismissal without prejudice a sufficient sanction at this time.  *Id.* (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it.") (quoting Fed. R. Civ. P. 41(b))).

For all of these reasons, the Court dismisses Morgan's case without prejudice.  The Clerk of Court is respectfully directed to terminate any outstanding motions and to close the case.

It is SO ORDERED.

Dated:   September 22, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

Copies Mailed to Plaintiff
Chambers of Edgardo Ramos